[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 13, 2005
THOMAS K. KAHN
CLERK

No. 05-11485
Non-Argument Calendar

_____

D. C. Docket No. 02-02369-CV-JOF-1

SHARON SAFFOLD,

Plaintiff-Appellant,

versus

SPECIAL COUNSEL, INC.,
MODIS PROFESSIONAL SERVICES, INC.,
MPS GROUP, INC.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(September 13, 2005)**

Before TJOFLAT, DUBINA  and MARCUS, Circuit Judges.

PER CURIAM:

Sharon Saffold, an African-American female, appeals the district court's

order granting summary judgment in favor of her former employers, Special

Counsel, Inc., Modis Professional Services, Inc., and MPS Group, Inc. (collectively, "Special Counsel"). In her complaint, Saffold alleged claims based on retaliation (race) and hostile work environment, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. ("Title VII").[1] On appeal, Saffold argues that the district court erred by entering summary judgment on her retaliation claim because (1) a causal connection existed between an Equal Employment Opportunity Commission ("EEOC") charge she filed and her termination nine days later, and (2) in addition to retaliation based on the EEOC complaint, Special Counsel also retaliated against her based on internal complaints in which she opposed the actions of a co-worker.

We review a district court order granting summary judgment de novo and view all the materials and "factual inferences in the light most favorable to the non-moving party." Branche v. Airtran Airways, Inc., 342 F.3d 1248, 1252 (11th Cir. 2003), cert. denied, 540 U.S. 1182 (2004). "Summary judgment is appropriate where there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Id. (quotation omitted).

After thorough review of the record and careful consideration of the parties' briefs, we affirm.

_____

[1]In the district court, Saffold abandoned her claim based on a hostile work environment. That claim is not at issue in this appeal.

Title VII prevents an employer from retaliating against an employee who "has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e-3(a). To establish a prima facie case of retaliation under Title VII, a plaintiff must show: "(1) she participated in an activity protected by Title VII; (2) she suffered an adverse employment action; and (3) there is a causal connection between the participation in the protected activity and the adverse employment decision." Gupta v. Fla. Bd. of Regents, 212 F.3d 571, 587 (11th Cir. 2000).

First, Saffold argues there was a causal connection between her EEOC complaint and her termination. To establish a causal connection between participation in a protected activity and adverse employment action, "a plaintiff need only show that the protected activity and the adverse action were not wholly unrelated." Brungart v. BellSouth Telecomms., Inc., 231 F.3d 791, 799 (11th Cir. 2000) (quotations omitted). To make this showing, a plaintiff must generally establish "that the decision maker was aware of the protected conduct at the time of the adverse employment action." Id. "[C]lose temporal proximity between the employee's protected conduct and the adverse employment action is sufficient circumstantial evidence to create a genuine issue of material fact of a causal

3

connection." Id.

Here, the evidence shows that Saffold's supervisor contemplated terminating Saffold prior to receiving the EEOC charge. At that point, which was 30 days prior to her termination, Saffold, who was employed as a temporary employee and paid on an hourly basis, was given a monthly project list for the following month with three projects that she was to accomplish. After an additional 30 days within which Saffold failed to accomplish any of the projects, or otherwise gain revenue for Special Counsel, Saffold's supervisor proceeded with the previously contemplated termination.

When an employer makes a tentative decision before protected activity occurs, the fact that an employer proceeds with such a decision is not evidence of causation. See Clark County Sch. Dist. v. Breeden, 532 U.S. 268, 272, 121 S.Ct. 1508, 1510, 149 L. Ed. 2d 509 (2001) (holding that, where an employer contemplated transferring an employee before the employer learned that the employee filed a Title VII suit, the employer's decision to proceed "along the lines previously contemplated, though not yet definitively determined," did not establish evidence of causality). Like in Breeden, Saffold failed to present any evidence on the "causal connection" element of her prima facie case because her supervisor simply followed through with the "previously contemplated, though not yet

4

definitively determined" plan to terminate Saffold based on her failure to produce revenue for the company.  See Breeden, 532 U.S. at 272, 121 S.Ct. at 1510.[2]

We are likewise unpersuaded with Saffold's argument that her informal complaints constituted protected activity.  Title VII protects individuals who have filed formal EEOC complaints and individuals who have filed informal complaints internally to their supervisors.  Shannon v. Bellsouth Telecomms., Inc., 292 F.3d 712, 716 n.2 (11th Cir. 2002).  To prove retaliation under Title VII, however, a plaintiff must demonstrate, inter alia, that she has engaged in a protected activity.  Gupta, 212 F.3d at 587.  To demonstrate that she participated in a protected activity, "a plaintiff must show that she had a good faith, reasonable belief that the employer was engaged in unlawful employment practices."  Weeks v. Harden Mfg. Corp., 291 F.3d 1307, 1311 (11th Cir. 2002) (quotation omitted).  In that regard, a plaintiff must demonstrate a subjective belief that her employer was engaged in unlawful employment practices and that her "belief was objectively reasonable in light of the facts and record presented."  Id. at 1312 (emphasis in original).

According to the evidence, before Special Counsel notified Saffold of certain work deficiencies and contemplated disciplinary action, one of Saffold's

---

[2] Shotz v.City of Plantation, Fla., 344 F.3d 1161 (11th Cir. 2003), is distinguishable from the case at bar since that case involved adverse actions taken only after the employer learned of the plaintiff's protected activity.

co-workers engaged in e-mail communications which offended Saffold, thereby prompting her to complain, internally, to her supervisors. The district court found that Saffold's complaints did not constitute protected activity because any belief that she was being subjected to discriminatory conduct, based on the comments, was not objectively reasonable. As the district court noted: "almost all of [Saffold's] complaints had no relationship to race; rather, they stemmed from a personality conflict [with a co-worker]." Based on our review, the district court did not err by concluding that the complaints did not constitute protected activity under Title VII. Accordingly, Saffold could not rely on them to establish her prima facie case.

Based on the foregoing, we affirm the district court's order granting summary judgment in favor of Special Counsel.

**AFFIRMED.**